# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL TYLER PENNINGS,<br><br>                                Plaintiff,<br><br>v.<br><br>BARRERA, et al.,<br><br>                              Defendants. | Case No.: 16-CV-582 JLS (MDD)<br><br>**ORDER (1) OVERRULING AND SUSTAINING OBJECTIONS; (2) ADOPTING IN PART REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF No. 27) |

      Presently before the Court are: (1) Defendants Tonya Benjamin and Garrett Stapleton's Motion to Dismiss, ("MTD," ECF No. 12); (2) Magistrate Judge Mitchell D. Dembin's Report and Recommendation ("R&R") advising that the Court should grant-in-part and deny-in-part Defendants' MTD, (ECF No. 27); and Defendants' Objections to the R&R, ("R&R Objs.," ECF No. 28). Plaintiff did not file any Objections to Judge Dembin's R&R or a reply in opposition to Defendants' Objections. After considering the parties' arguments and the law, the Court rules as follows.

/ / /

/ / /

## BACKGROUND

Judge Dembin's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 1–6[1].) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

**I.      Summary of the R&R Conclusion**

On March 7, 2016, Plaintiff filed a Complaint against various defendants for alleged violations of his constitutional rights. (Compl., ECF No. 1.) Plaintiff's claims stem from events that occurred while he was held at George Bailey Detention Facility ("GBDF") as a subpoenaed witness for an evidentiary hearing in the criminal case of another state prisoner. (*Id.* at 3.) Plaintiff alleges that the moving Defendants violated several of his constitutional rights, including those under the First, Eighth, and Fourteenth Amendments

///

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

to the United States Constitution, (*see generally id.*), only some of which Defendants moved to dismiss, (*see generally* MTD).

First, Judge Dembin concluded that Plaintiff adequately alleged that Defendant Benjamin retaliated against him in violation of the First Amendment where she allegedly moved him to another, less sanitary cell (Module 5C) for the sole purpose of hindering Plaintiff from continuing to file grievances on behalf of himself and other inmates. (R&R 8–13.) Second, Judge Dembin concluded that Plaintiff adequately alleged that Defendant Benjamin violated his Eighth Amendment rights where she ordered him placed in Module 5C which, among other things, was covered in feces and had a "constant smell of feces coming out of the ventilation system[,] . . . [and] continued banging noises." (*Id.* at 13–15.) Third, Judge Dembin concluded that Plaintiff adequately alleged that Defendant Benjamin violated his Fourteenth Amendment rights under the Equal Protection Clause where she intentionally made it difficult for him to contact his family and attorney because of his Jewish religion, and where she allowed and encouraged others to disrespect him for the same. (*Id.* at 15–18.) Fourth, Judge Dembin concluded that Plaintiff failed to adequately allege that Defendant Stapleton violated his due process rights under the Fourteenth Amendment by confiscating his personal property. (*Id.* at 18–19.) Fifth, Judge Dembin concluded that Plaintiff adequately alleged that Defendant Stapleton intentionally inflicted emotional distress upon him by taunting and psychologically abusing him for three hours prior to physically assaulting him, including flashing overhead lights and opening/closing/clicking the front and side doors. (*Id.* at 19–21.) Finally, Judge Dembin concluded that Plaintiff's Complaint and state causes of action were timely filed. (*Id.* at 21–22.)

## II. Summary of Defendants' Objections

Defendants object to Judge Dembin's R&R on three grounds. First, Defendants argue that Judge Dembin's conclusion on Plaintiff's retaliation claim is erroneous because Plaintiff failed to adequately allege that Benjamin's actions did not advance a legitimate correctional goal. (R&R Objs. 2–3.) Second, Defendants argue that Judge Dembin

erroneously concluded that Plaintiff adequately alleged an equal protection violation against the moving Defendants because other, nonmoving Defendants were the ones who allegedly acted in violation of his rights. (*Id.* at 3–4.) Third, Defendants argue that Judge Dembin's conclusion on Plaintiff's intentional infliction of emotional distress ("IIED") claim is erroneous because Plaintiff's Complaint fails to distinguish who was actually involved in the alleged outrageous conduct. (*Id.* at 4–5.)

### III. Court's Analysis

The Court will review, *de novo*, each part of Judge Dembin's R&R to which Defendants object.

First, Plaintiff objects to Judge Dembin's conclusion that Plaintiff adequately alleged a violation of his First Amendment rights under a theory of retaliation. (*Id.* at 2–3.) "In the prison context, a claim for First Amendment retaliation under § 1983 must establish five elements: '(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" *Howard v. Foster*, 208 F. Supp. 3d 1152, 1159 (D. Nev. 2016) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

Defendants solely object to Judge Dembin's assessment under the fifth element, arguing that Plaintiff fails to allege that whatever action Benjamin took did not advance a legitimate correctional goal. (R&R Objs. 2–3.) Specifically, Defendants take issue with the following reasoning from Judge Dembin's R&R:

> Plaintiff's Complaint alleges that Defendant Benjamin told Plaintiff ***"no grievance will fix the problems with [the] inadequate living conditions."*** (ECF No. 1 at 5). This suggests that Defendant Benjamin retaliated against Plaintiff because his grievance efforts would be futile, not to support legitimate penological interests. The Court construes Plaintiff's allegations to allege that Defendant Benjamin's conduct was "arbitrary and capricious" rather than actions that advance legitimate goals of the correctional institution that were narrowly tailored to achieve such goals.

(*Id.* at 2 (emphasis added) (quoting R&R 12–13).) Defendants argue that Judge Dembin's

reasoning is erroneous because he only relied on half of the sentence, where the other half reads "since it [was] virtually impossible to run 1 hour of day room to all cells, every day." (*Id.* (quoting Compl. ¶ 25).) Thus, Defendants argue that this statement negates the fifth element because it demonstrates there was no attempt to infringe Plaintiff's rights; rather, Benjamin's response was "based on the merits of the grievance and the practical realities of providing additional day-room time while balancing legitimate penological interests of maintaining order and providing for the safety of all staff and inmates during day-room hours." (*Id.* at 3.)

The Court partially agrees, but it makes no difference to the outcome. The second clause of the sentence lends force to Defendants' argument that Benjamin simply commented on the practical realities of filing certain grievances related to inadequate living conditions. So, read in full, the statement seems to support the argument that Benjamin commented on legitimate penological interests. But that is not all Plaintiff alleges. Plaintiff also alleges that Benjamin "came to Plaintiff's cell screaming to stop filing grievances and if not, she would have him moved to Module 5C, which housed all the 'J-Cats.'" (Compl. ¶ 23.) Plaintiff further explains that "J-Cats" are "inmates with serious mental health issues who are known to throw feces and continuously bang on their cell doors and toilets at all hours of the day." (*Id.* ¶ 24.) Defendants do not explain how Benjamin's threat that she would move him to an arguably less accommodating cell <u>unless he stopped filing grievances</u> was in furtherance of a legitimate penological interest. Like Judge Dembin, the Court concludes that these allegations sufficiently describe Benjamin's conduct as "arbitrary and capricious" rather than narrowly tailored to advance legitimate goals of the correctional institution. (R&R 13 (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (finding that the plaintiff alleged that the defendants' actions were retaliatory and arbitrary and capricious, showing that they did not serve any legitimate correctional goal)).) Accordingly, the Court **OVERRULES** Defendants' first Objection.

Second, Defendants object to Judge Dembin's conclusion that Plaintiff adequately alleged that Defendant Benjamin violated the Equal Protection Clause of the Fourteenth

Amendment by intentionally making life in prison difficult for him on account of his Jewish faith. (R&R Objs. 3–4.) Specifically, Defendants argue that Plaintiff's allegations are generic and only discuss actions allegedly taken by Defendants Barrera and Sanchez (nonmoving Defendants), not by Benjamin. (*Id.*) The Court agrees. Defendants are correct that Plaintiff specifically alleges that Barrera and Sanchez, as well as other Doe defendants, engaged Plaintiff with derogatory and discriminatory language and made life in prison measurably more difficult because of his Jewish faith, (*see, e.g.*, Compl. ¶¶ 51–60). Judge Dembin noted in his R&R that Plaintiff claims that Benjamin, as a supervisor, "allowed and encouraged rampant disrespect and retribution" against Plaintiff because he was a "Hispanic Jew." (R&R 15–16 (quoting ECF No. 25, at 7).) Relying on this statement, and others in that filing, Judge Dembin concluded that Plaintiff adequately alleged that Benjamin had the discriminatory intent necessary to sustain a claim for a violation of the Equal Protection Clause. (R&R 17–18.) However, these claims against Benjamin appear only in Plaintiff's opposition brief to Defendant's Motion to Dismiss, (*see* ECF No. 25), and do not appear in Plaintiff's operative Complaint. Thus, Judge Dembin erred in relying on these statements in assessing Defendants' Motion to Dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)). And, after a review of Plaintiff's Complaint, the Court agrees with Defendants that there are no discrete allegations against Benjamin that would otherwise sustain Judge Dembin's conclusion as to Plaintiff's equal protection claim. Plaintiff will, of course, have an opportunity to amend his Complaint to include these—and other— allegations against Benjamin if he so chooses. Accordingly, the Court **SUSTAINS** Defendants' second Objection and **GRANTS** this portion of Defendants' Motion to Dismiss.

/ / /

/ / /

Third, Defendants object to Judge Dembin's conclusion that Plaintiff adequately alleges an IIED claim against Stapleton.[2] Specifically, Defendants argue that the conduct alleged "fall[s] woefully short of the high standard of conduct necessary to establish an IIED claim" and that it is difficult to discern who Plaintiff is accusing because he lumps all of the Defendants together. (R&R Objs. 4–5.)

The Court disagrees with both arguments. A claim for intentional infliction of emotional distress requires a plaintiff to prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Doe v. Gangland Prods.*, 730 F.3d 946, 960 (9th Cir. 2013) (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Defendants chiefly argue that "being called names during a three-hour period on one day does not constitute conduct that is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" (R&R Objs. 5 (citing *Davidson*, 32 Cal. 3d at 209).) This is a disingenuous argument because it ignores the totality of Plaintiff's allegations. As Judge Dembin recounts:

> Plaintiff contends Defendant Stapleton intentionally inflicted emotional distress upon Plaintiff by "taunting and psychologically/verbal[ly] abus[ing] Plaintiff [for three hours] prior to physically assaulting him." (ECF No. 1-1 at 6). Plaintiff alleges that he was given dayroom access at 12:30 a.m. and asked to make a phone call, but the phone had been turned off. (*Id.* at 2). From 1:00 a.m. to 4:00 a.m., Defendant Stapleton "verbally harassed Plaintiff by calling him disrespectful names (i.e. 'bitch,' 'kike,' 'punk,' 'sewer rat,' etc.) and . . . attempted to 'psych out' the Plaintiff by flashing the overhead lights and opening/closing/clicking the front and side doors." (*Id.* at 3). Plaintiff claims that "[a]fter 3 hours of suffering this abuse, Plaintiff was mentally exhausted, distraught, and distressed." (*Id.*).

---

[2] Defendants urge the Court to also dismiss this cause of action as applied to Benjamin. (R&R Objs. 5.) But Defendants did not move to dismiss this claim against Benjamin in their MTD; rather, they only moved to dismiss it as to Stapleton. (*See generally* MTD.) Accordingly, the Court declines to assess the adequacy of this claim as to Benjamin because Defendants failed to raise it earlier.

(R&R 19–20.) This is more than name calling, and the Court agrees with Judge Dembin that these allegations are adequate to state a claim for IIED. (*Id.* at 21.) Furthermore, the Court disagrees with Defendants that Plaintiff's allegations fail to identify the Defendants involved. To the contrary, Plaintiff specifically states that Stapleton and Benjamin, among others, intentionally inflicted emotion distress upon Plaintiff as recounted in paragraphs 73–106 of his Complaint. (Compl. ¶ 116.) Indeed, paragraph 84 specifically states that for roughly three hours Stapleton, among others, "verbally harassed" Plaintiff and attempted to "psych" him out by flashing overhead lights and repeatedly opening and closing doors. This is enough to plausibly allege that Stapleton directly participated in this outrageous behavior. Accordingly, the Court **OVERRULES** Defendants' third Objection.

Furthermore, after review of the moving papers and Judge Dembin's R&R the Court finds "that there is no clear error on the face of the record" and thus the Court may "accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell*, 510 F.2d at 206). Accordingly, the Court **ADOPTS** the relevant portions of Judge Dembin's R&R and **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' Motion to Dismiss consistent with this Order.

## CONCLUSION

For the reasons stated above, the Court (1) **OVERRULES** Defendants' first and third Objections; (2) **SUSTAINS** Defendants' second Objection; (3) **ADOPTS** the relevant portions of Judge Dembin's R&R; and (4) **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' Motion to Dismiss consistent with this Order (ECF No. 12). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before thirty (30) days of the date on which this Order is electronically docketed</u>. If Plaintiff fails to file an amended complaint on that date,

///
///
///
///

1 | the Court **SHALL** proceed with those claims of Plaintiff's complaint that remain
2 | unaffected by this Order.
3 |     **IT IS SO ORDERED.**
4 | Dated: June 26, 2017

*/s/ Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge