UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL TYLER PENNINGS,<br><br>        Plaintiff,<br><br>v.<br><br>BARRERA; BENJAMIN; SANCHEZ; STAPLETON; JOHN and JANE DOES,<br><br>        Defendants. | Case No.: 16cv582-JLS-MDD<br><br>**ORDER RE: DEFENDANTS' MOTION TO COMPEL AND CONTINUE PRETRIAL MOTION DEADLINE;**<br><br>**PLAINTIFF'S MOTIONS FOR EXTENSION AND APPOINTMENT OF COUNSEL;**<br><br>**AND RESETTING THE SCHEDULING ORDER**<br><br>**[ECF NOS. 39, 43, 47]** |

  Before the Court are Defendants' Motion to Compel and an *ex parte* Motion to Continue the Pretrial Motion Deadline and Plaintiff's Motions for an extension of time to complete discovery and appointment of counsel. (ECF Nos. 39, 43, 47). Plaintiff further requests an injunction allowing physical access to the law library at George F. Bailey Detention Facility, which will be addressed in a forthcoming order. (ECF No. 39 at 15).

///

## BACKGROUND FACTS

Under the operating Scheduling Order, all discovery closed on April 12, 2018, pretrial motions are due May 11, 2018, and a Mandatory Settlement Conference is scheduled for May 29, 2018. (ECF No. 32 at 2-3). The Court filed an Order authorizing an inmate deposition on November 15, 2017. (ECF No. 34). After Plaintiff was transferred to a different facility, a second Order was issued, setting April 12, 2018, as the deadline for Plaintiff's deposition. (ECF No. 36).

Defendant's first attempt to depose Plaintiff occurred on March 21, 2018. According to Defendants' Motion to Compel, when Defendants' counsel, with a court reporter and stenographer present, began Plaintiff's deposition, Plaintiff stated that his family had retained outside counsel. (ECF No. 39-1 at 3). The deposition was immediately halted and rescheduled for April 3, 2018 so that Plaintiff could have his attorney present. (*Id.*). On April 3, Plaintiff stated that he was unrepresented, but nonetheless refused to be deposed, stating he "felt unprepared." (*Id.*). Defendant then filed the instant Motion, requesting that Plaintiff be compelled to sit for a deposition and for "$5,384.40 in sanctions."

Plaintiff then filed a Motion requesting a 90-day extension in order to complete his own discovery, access to legal resources in the law library, and a court appointed attorney. (ECF No. 43). Plaintiff states that due to being released on parole and then re-incarcerated, he lost all of his legal paperwork. (*Id.* at 1-2). Plaintiff further states that he has made diligent efforts to comply with Defendants' discovery requests. (*Id.* at 2). Plaintiff did not indicate why he refused to sit for his rescheduled deposition.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 30 governs the requirements of depositions by oral examination. Fed. R. Civ. P. 30(a). If there are objections at the time of the examination, it must be noted on the record but the deposition still proceeds; "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). A deponent may refuse to answer questions only "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## DISCUSSION

I. Defendants' Motion to Compel and Plaintiff's Motion for Extension of Time

Defendants absolutely have the right to depose Plaintiff and to that

3

16cv582-JLS-MDD

extent, the Court **GRANTS IN PART** the Motion to Compel. As such, the Court **ORDERS** that Plaintiff sit for a deposition on or before **June 25, 2018**. While Plaintiff requests a 90-day extension for discovery, the Court finds that a more conservative extension is in order to encourage swift progress on the case and extends discovery 31 days to **June 29, 2018**. No further extensions will be given. The Court declines to issue sanctions against Defendant.

Further the Court **GRANTS** Defendants' Motion to Continue the Pretrial Motion Deadline and will modify the remaining dates on the scheduling order as follows:

    1) All pretrial motions must be filed by **July 31, 2018**.

    2) The Mandatory Settlement Conference scheduled for May 29, 2018, is rescheduled to **August 7, 2018** at **9:15 a.m.**

    3) Memoranda of Contentions of Fact and Law and any other action required by L.R. 16.1(f)(2) are due by **October 31, 2018**.

    4) Pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) are due by **October 31, 2018**.

    5) The parties shall meet and take action required by Local Rule 16.4(f)(4) by **November 7, 2018**.

    6) By **November 14, 2018**, Defendants' counsel must provide Plaintiff with the proposed Pretrial Order for review and approval.

    7) The Proposed Final Pretrial Conference Order, shall be prepared, served and lodged with the assigned district judge on **November 21, 2018**.

    8) The final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **November 29, 2018** at **1:30 p.m.**

Motion for Appointment of Counsel

Plaintiff supports his request for counsel by highlighting his layman status. However, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b); Plaintiff has effected service on all defendants; and was able to file a motion requesting an extension of time to file an opposition to Defendants' Motion to Dismiss, an Objection to Defendants' Motion to Dismiss, and the instant Motion for Extension of Time to Complete Discovery. (ECF Nos. 21, 25, 43).

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

Defendants' Motion to Compel is hereby **GRANTED IN PART**. Plaintiff must sit for a deposition by **June 25, 2018**. The Motion to Continue the Pretrial Motion is **GRANTED**, with any pretrial motion now due on or before **July 31, 2018**. Plaintiff's Motion to Extend Discovery is **GRANTED IN PART** until **June 29, 2018**, and Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: May 29, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge