1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   OTONIEL TYLER PENNINGS,              Case No.: 16-CV-582 JLS (MDD)

12                          Plaintiff,    **ORDER DENYING MOTION FOR**
                                          **ACCESS TO LAW LIBRARY**
13   v.

14   BARRERA, BENJAMIN, SANCHEZ,          (ECF No. 43)
     STAPLETON, JOHN AND JANE DOES,
15
                          Defendants.
16

17

18          Presently before the Court is Plaintiff Otoniel Tyler Pennings' Motion for Injunction

19   to Order San Diego Sheriff's Department to Provide Plaintiff Physical Access to Law

20   Library, ("MTN," ECF No. 43).[1]  Also before the Court is Defendants Tonya Benjamin

21   and Garrett Stapleton's Response in Opposition to, ("Opp'n," ECF No. 45), Plaintiff's

22   Motion.  Having considered the parties' arguments and the law, the Court rules as follows.

23          Plaintiff is a state prisoner proceeding pro se and is currently in the middle of

24   discovery with Defendants.  Plaintiff requests access to the law library at George Bailey

25

26   _____

27   [1] Plaintiff's Motion for Access to Law Library is one of several Plaintiff filed within the same document,
     (ECF No. 43).  Magistrate Judge Dembin issued an order resolving several of Plaintiff's motions, but
28   reserved ruling on the request for access to a law library.  (ECF No. 52, at 1.)

                                              1

Detention Facility. (MTN 15.)[2] Plaintiff explains that as early as January 1, 2018, he has requested and explained his need for physical law library access. (*Id.* at 16.) Plaintiff acknowledges that the staff "offer a restrictive 'Legal Research Assistance,' which restricts a pro se litigation from acting as their [sic] own attorney in a civil matter." (*Id.* at 19.) Plaintiff explains that he is prevented from doing his own research and is not given the "means" to file his own motions. (*Id.*)

Defendants respond by citing the general proposition that there is no abstract, freestanding right a law library or legal resource, only the means of accessing the courts. (Opp'n 3.) Defendants cite one district court case for the proposition that a "correctional facility that facilitates legal document filing and provides monthly requests for legal research is in compliance with this standard. (*Id.* (citing *Van Nort v. Fair*, No. 09-cv-110-RCJ-RAM, 2010 WL 4284273, at *4 (D. Nev. Oct. 19, 2010)).) Defendants contend that, based on his description, Plaintiff's law library access is within the requirements for a civil *pro se* litigant.

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The Supreme Court later clarified that *Bounds* "guarantee[d] no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Broadly speaking, there are two separate claims that fall under access to courts. Claims may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (i.e., forward looking) or they may arise from the loss of a suit that cannot be tried (i.e., backward looking). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

---

[2] Pin citations to docketed material refer to the CM/ECF page number electronically stamped at the top of each page. Plaintiff's request for access to the law library begins on page 15 of his filing.

Both claims require that a claimant must allege "actual injury," which the Supreme Court has defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. One district court has formulated the requisite showing as follows: "To state a claim for interference with the right of access to the courts, an inmate must establish that inadequate facilities or interfering regulations have actually frustrated or impeded a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. *Ornelas v. Giurbino*, 358 F. Supp. 2d 955, 972 (S.D. Cal. 2005) (citing *Lewis*, 518 U.S. at 355; and *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989)).

Plaintiff's own Motion reveals that he has access to a legal research service. (MTN 19.) Furthermore, the docket reveals that Plaintiff has been able to file motions without impediment. While Plaintiff may not have physical access to the law library, he has the capability to bring a challenge in court. *See Lewis*, 518 U.S. at 356. Accordingly, Plaintiff has not alleged an "actual injury" in his access to courts claim and the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion, (ECF No. 43).

**IT IS SO ORDERED.**

Dated: June 13, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge